IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-26 |
| | ) | (Jordan / Guyton) |
| | ) | |
| LONNIE RAY DYER | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This matter is before the Court upon four pro se motions filed by Defendant Lonnie Dyer: Motion to Dismiss [Doc. 34]; Motion for Fast and Speedy Trial [Doc. 35]; Motion for Order of Transportation [Doc. 36]; and Notice [Doc. 37] (requesting a hearing).

Mr. Dyer is represented by Attorney Andrew Roskind, who has asked that his client be evaluated for competency to stand trial. [Doc. 31]. The Court has Ordered the requested mental examination [Doc. 39]. Because Mr. Dyer is represented by counsel, the Court finds his motions violate Local Rules of the United States District Court for the Eastern District of Tennessee, LR 83.4 Appearance and Withdrawal of Counsel, which provides, in relevant part:

> (c) Representation *Pro Se* After Appearance by Counsel
>
> Whenever a party has appeared by attorney, that party may not thereafter appear or act in his or her own behalf in the action or proceeding, unless an order of substitution shall first have been made by the court, after notice by the party to the attorney and to the opposing party. However, the court may, in its discretion, hear a party in open court, notwithstanding the fact that the party is represented by

1

an attorney.

This Court will not proceed on the merits of a substantive motion filed *pro se* so long as Mr. Dyer is represented by counsel. While Mr. Dyer may continue to file *pro se* motions, the Court takes this opportunity to admonish him against doing so in the strongest terms. Mr. Dyer has availed himself of his right to counsel as guaranteed by the United States Constitution and this Court urges him consult that counsel or seek a new lawyer. Without the benefit of legal training and experience, Mr. Dyer may seriously and irreparably damage his defense to these criminal charges. This could come about by his inadvertently revealing attorney-client privileged information, compromising the most effective presentation of his defense or even disclosing to the Court, the public and the Office of the United States Attorney the particulars of his defense strategy. Although the damage may be accidental or unforeseen, it will not be possible to un-ring the bell later. It is in Mr. Dyer's best interest to act through his attorney, who is experienced in defending criminal charges in federal court.

**IT IS ORDERED:**

1. Motion to Dismiss **[Doc. 34]** is **DENIED**.

2. Motion for Fast and Speedy Trial **[Doc. 35]** is **DENIED**.

3. Motion for Order of Transportation **[Doc. 36]** is **DENIED**.

4. Notice **[Doc. 37]** is **DENIED**.

ENTER:

 s/H. Bruce Guyton
United States Magistrate Judge