IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-26 |
| | ) | (JORDAN/GUYTON) |
| STEVEN WAYNE WOOD and | ) | |
| LONNIE RAY DYER, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court for a hearing on August 28, 2008, on Defendant Wood's Motion to Continue Pre-Trial Conference and Trial [Doc. 64], filed on August 22, 2008. Assistant United States Attorney Tracy L. Stone was present for the government. Attorney G. Scott Green represented Defendant Wood, who was also present. Attorney Andrew S. Roskind was present for Defendant Dyer, who is presently undergoing a competency examination.

At the hearing, the Court addressed the motion to continue. In this motion, Defendant Wood asks that the August 28, 2008 pretrial conference and the September 3, 2008 trial date be continued while he is engaged in plea negotiations with the government. At the hearing, the government stated that it did not object to the requested continuance. The Court noted that on May 19, 2008, Defendant Dyer was ordered [Doc. 39] committed for a examination of his competency to stand trial. On August 6, 2008, the Court granted [Doc. 63] the request from the Metropolitan Correction Center in Chicago, Illinois, for a thirty-day extension of the commitment to complete testing and examination.

The Court finds Defendant Wood's motion to continue [Doc. 64] the September 3, 2008 trial date to be well taken, and it is **GRANTED**. The Court finds that the ends of justice served by granting the motion outweigh the best interest of the public and the defendants in a speedy trial. 18 U.S.C. § 3161(h)(8)(A). Defendant Wood has filed twelve pretrial motions in this case. See 18 U.S.C. § 3161(h)(1)(F). One of these motions is a suppression motion, for which he has requested an evidentiary hearing. Once the Court holds a hearing on these motions, it will need time, not to exceed thirty days, to issue a report and recommendation on the motion. 18 U.S.C. § 3161(h)(1)(J). Thereafter, the parties will need time to make any objections to the report, and the District Court will need time to rule upon the report and any objections thereto. 18 U.S.C. § 3161(h)(1)(J). Finally, the parties will need time to prepare for trial in light of the ruling on the suppression issue. See 18 U.S.C. § 3161(h)(8)(B)(iv). The Court finds that all of this could not take place before the September 3, 2008 trial date, despite counsels' use of due diligence. See 18 U.S.C. § 3161(h)(8)(B)(iv). Moreover, the Court notes that in the motion to continue, defense counsel states that he has explained the need for a continuance to Defendant Wood, who is in custody, and that Wood does not object to the continuance.

With respect to Defendant Dyer, "[a]ll defendants who are joined for trial generally fall within the speedy trial computation of the latest codefendant." Henderson v. United States, 476 U.S. 321, 323 n.22 (1986); United States v. Culpepper, 898 F.2d 65, 66 (6th Cir. 1990). Moreover, the Speedy Trial Act excludes a "reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(7). Unlike some periods of delay automatically excluded by the Act, delay caused by joinder with a codefendant must be reasonable. Henderson, 476 U.S. at 327. In the

2

Case 3:08-cr-00026-RLJ-HBG   Document 66   Filed 09/02/08   Page 2 of 4   PageID #: 167

present case, the Court finds that the delay occasioned by the hearing of Defendant Wood's motions is reasonable in order to give him the time necessary to mount his defense. Moreover, Defendant Dyer is presently undergoing a competency examination, the delay from which is also excludable under the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(A). Accordingly, the Court finds that the delay caused by Defendant Wood's requested continuance is both reasonable and necessary.

In light of these findings and its granting of the motion, the Court set a new trial date of **January 27, 2009**. The Court further finds that all of the time between the **August 28, 2008** hearing and the new trial date of **January 27, 2009**, shall be fully excludable as provided by the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(A), -(1)(F), -(1)(J), -(7), -(8)(A)-(B). With regard to further scheduling, the Court set an evidentiary hearing on Defendant Wood's pending motions for **November 3, 2008, at 9:00 a.m.**. The parties are to appear for a final pretrial conference in this case on **January 21, 2009, at 11:00 a.m.**

Attorney Roskind made an oral motion for the opportunity to have two weeks in which to file motions in the event that Defendant Dyer is found competent upon his return. The government did not object to this request, and it was **GRANTED**. Defendant Dyer's competency hearing will be set upon his return to this district.

Accordingly, it is **ORDERED:**

> (1) Defendant Wood's Motion to Continue [**Doc. 64**] is **GRANTED;**
>
> (2) The trial of this matter is reset to commence at **9:00 a.m., on January 27, 2009,** before the Honorable R. Leon Jordan, United States District Judge;
>
> (3) All the time between the **August 28, 2008** hearing and the new trial date of **January 27, 2009**, is fully excludable time under the Speedy Trial Act for the reasons set forth above;

(4) An evidentiary hearing on Defendant Wood's pending motions is set for **November 3, 2008, at 9:00 a.m.**;

(5) The parties are to appear before the undersigned for a pretrial conference on **January 21, 2009, at 11:00 a.m.**; and

(6) Defendant Dyer's attorney's oral motion for two weeks in which to file motions following a finding that Dyer is competent is **GRANTED**.

**IT IS SO ORDERED.**

ENTER:

s/ H. Bruce Guyton
United States Magistrate Judge