IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-26 |
| | ) | (JORDAN/GUYTON) |
| STEVEN WAYNE WOOD and | ) | |
| LONNIE RAY DYER, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court for a hearing on November 3, 2008, to address numerous motions filed on behalf of Defendant Wood including: Motion to Produce and Preserve Rough Notes [Doc. 44], Motion in Limine to Preclude Introduction of Physical Evidence [Doc. 45], Motion for Disclosure of Bad Acts Evidence [Doc. 46], Motion for Bill of Particulars [Doc. 47], Motion to Provide a List of Witnesses [Doc. 48], Motion to Sever and/or Exclude Co-Defendant's Statements to Law Enforcement [Doc. 49], Motion in Limine to Require the Government to Establish the Proper Foundation Prior to Admitting Any Co-Conspirator's Statements [Doc. 50], Motion in Limine to Limit Cross-Examination of Defendant Wood [Doc. 52], Motion to Suppress Defendant Wood's Statements to Law Enforcement [Doc. 53], Motion to File Additional Motions Late [Doc. 54], Motion in Limine to Preclude Introduction of Defendant Wood's Admissions About Parole [Doc. 55], and Motion Pursuant to Rule 12(b)(4)(B) [Doc. 56].

At the hearing, Assistant United States Attorney Tracy L. Stone was present for the Government. Attorney G. Scott Green represented Defendant Wood, who was also present. Attorney Andrew S. Roskind represented Defendant Dyer, who was also present.

A. **Motion to Produce and Preserve Rough Notes [Doc. 44], Motion in Limine to Preclude Introduction of Physical Evidence [Doc. 45], and Motion for Disclosure of Bad Acts Evidence [Doc. 46]**

Defendant Wood withdrew his Motion in Limine to Preclude Introduction of Physical Evidence [Doc. 45] at the hearing. In addition, Defendant Wood agreed that his Motion to Produce and Preserve Rough Notes [Doc. 44] was moot after he was given a copy of the pertinent notes at the hearing. Defendant Wood also agreed that the Motion for Disclosure of Bad Acts Evidence [Doc. 46] was moot in light of the Government's compliance with the Court's Scheduling Order [Doc. 21]. Based on the foregoing, these motions **[Docs. 44, 45, and 46]** are **DENIED AS MOOT**.

B. **Motion for Bill of Particulars [Doc. 47]**

Defendant Wood has filed a Motion for Bill of Particulars [Doc. 47] which requests information beyond that contained in the Indictment [Doc. 19]. Among other things, Defendant Wood requests the dates of the conspiracy, the places where the Defendants conspired, names and addresses of the co-conspirators, and summaries or transcripts of the conversations which form the basis of the conspiracy.

The Government responds that a bill of particulars is meant to inform the Defendant of the nature of the charges against him. [Doc. 59]. The Government contends that Defendant Wood's request goes beyond what is required of the Government under Federal Rule of Criminal Procedure 16 because it requests the details of the evidence against Defendant Wood. The Government states that the Indictment was sufficiently detailed to inform Defendant Wood of the charges against him

and requests that the motion be denied. Neither party argued this motion at the hearing.

Federal Rule of Criminal Procedure 7(f) provides that a defendant may move the court to require that the government provide a bill of particulars. "A bill of particulars is meant to be used as a tool to minimize surprise and assist defendant in obtaining the information needed to prepare a defense and to preclude a second prosecution for the same crimes. It is not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial." United States v. Salisbury, 983 F.2d 1369, 1375 (6th Cir. 1993). The granting of a bill of particulars is within the court's discretion. See Id. (holding that the appellate court reviews the denial of a bill of particulars for an abuse of discretion).

The Court has reviewed the Indictment [Doc. 19] and finds that it provides Defendant Wood with sufficient notice of the charges against him. The Indictment contains the date of the offense, lists the address and location of the bank, names Defendant Wood's co-defendant Lonnie Ray Dyer, and describes the overt acts underlying the charges. The Indictment gives Defendant Wood the information necessary to allow preparation of his defense, and therefore, the Motion for Bill of Particulars **[Doc. 47]** is **DENIED**.

C.     **Motion to Provide a List of Witnesses [Doc. 48]**

In his Motion to Provide a List of Witnesses [Doc. 48], Defendant Wood moves the Court to order the Government to deliver a list of all the witnesses it intends to use at trial no later than thirty days prior to the trial and that the Government supplement the list no later than seven days prior to trial.

The Government responds that the motion should be denied because there is no general right to discovery in criminal cases. [Doc. 59]. The Government argues that the Defendant cannot obtain a list of prosecution witnesses as a matter of right and that, "[o]rdinarily, a defendant is not entitled

3

to a list of the names and addresses of the government's witnesses." United States v. Perkins, 994 F.2d 1184, 1190 (6th Cir. 1993). Neither party argued this motion at the hearing.

This case is rather straightforward in nature and the events and overt acts which are the basis of the allegations against the Defendants have been sufficiently identified. The Court finds that there is no basis on which to find that justice requires the Government produce a list of witnesses in this case. Accordingly, Defendant Wood's Motion to Provide a List of Witnesses **[Doc. 48]** is **DENIED**.

D. **Motion to Sever and/or to Exclude Co-Defendant's Statement to Law Enforcment [Doc. 49]**

In his Motion to Sever and/or to Exclude Co-Defendant's Statement to Law Enforcement [Doc. 49], Defendant Wood moves this Court to either exclude from trial statements made by Defendant Dyer about Defendant Wood's involvement in the alleged acts or sever Defendant Wood's trial from Defendant Dyer's trial. Defendant Wood argues that such relief is appropriate because Defendant Dyer is indicted in the same Indictment [Doc. 19] as Defendant Wood and has made statements which incriminate Defendant Wood. Defendant Wood claims that severance is necessary because there are only two defendants in the case, and therefore, redaction of the statements is not appropriate.

The Government did not file a response to the motion, nor did the Government object to the motion at the hearing. Based on Defendant Wood's motion and the lack of objection by the Government, the Court finds that the Motion to Sever and/or to Exclude Co-Defendant's Statement to Law Enforcement [Doc. 49] is well-taken in so much as it requests that Defendant Wood's trial be severed from Defendant Dyer's trial. Accordingly, the motion **[Doc. 49]** is **GRANTED IN**

4

**PART**, and Defendant Wood and Defendant Dyer will be tried separately.

E.   **Motion in Limine to Require the Government to Establish the Proper Foundation Prior to Admitting Any Co-Conspirator's Statements [Doc. 50]**

Defendant Wood next moves the Court to conduct a hearing to determine whether or not the Government can satisfy its burden of proof on the existence of a conspiracy prior to the admission of any coconspirator statements. He argues that before the Government can introduce such statements, it must show by a preponderance of the evidence that a conspiracy existed, that the defendant against whom the hearsay is offered was a member of the conspiracy, and that the hearsay statement was made in the course and in the furtherance of the conspiracy. United States v. Vinson, 606 F.2d 144, 152 (6th Cir. 1979). The Government responds that the coconspirator statements should be admitted at trial subject to a later demonstration of their admissibility. [Doc. 59].

Federal Rules of Evidence, Rule 801(d)(2)(E) provides "a statement is not hearsay if ... [t]he statement is offered against a party and is . . . a statement by a coconspirator of a party during the course and in furtherance of the conspiracy." To be admissible under Rule 801(d)(2), the party offering a co-coconspirator statement must show by a preponderance of the evidence that: (1) the conspiracy existed, (2) the defendant was a member of the conspiracy, and (3) the co-conspirator's statements were made in furtherance of the conspiracy. Whether the offering party has made the showing is a question of fact for the trial court to decide. Fed. R. Evid. 104(a); United States v. Maliszewski, 161 F.3d 992, 1007 (6th Cir. 1998).

The Sixth Circuit has outlined three alternative methods by which the district court can make a determination as to the admissibility of hearsay statements under the coconspirator exception to the hearsay rule. The court can: (1) conduct a pretrial mini-hearing outside the presence of the jury and listen to the proof of the conspiracy, (2) require the government to produce non-hearsay evidence during the course of trial before making the necessary finding, and (3) admit the hearsay statements subject to a later demonstration of their admissibility. Vinson, 606 F.2d at 152-53.

The third of these options is the more practical approach, and the one customarily adopted by this district. See United States v. Martin, 2008 WL 152900, at *3 (E.D. Tenn, Phillips, J., 2008). Regardless, this motion relates directly to trial procedures and the admissibility of evidence at trial and will be addressed by the trial judge, District Court Judge Leon Jordan. Accordingly, the Motion **[Doc. 50]** is **DENIED.** District Judge Jordan will decide whether an option other than the third option is appropriate before or during the trial, as he deems appropriate.

**F.      Motion in Limine to Limit Cross-Examination of Defendant Wood [Doc. 52]**

In his Motion in Limine to Limit Cross-Examination [Doc. 52], Defendant Wood moves the Court to enter an order precluding the Government from impeaching Defendant Wood, should he choose to testify, with evidence of his prior criminal convictions. Defendant Wood's convictions include: a carjacking conviction from 1996 ("the carjacking conviction"), an armed bank robbery conviction from 1987 ("the bank robbery conviction"), a concealing stolen goods conviction from 1981, another stolen property conviction from 1976, a third degree burglary conviction from 1976, an escape conviction from 1972, and a breaking and entering conviction and a grand larceny conviction, both from 1971. [Doc. 52 at 1-2].

6

Defendant Wood first contends that only the carjacking conviction can be used for impeachment purposes at trial because all the other convictions are more than ten years old and are therefore stale and inadmissible under Federal Rule of Evidence 609. [Doc. 52]. The Government responds that it should be allowed to introduce evidence of the carjacking conviction and the bank robbery conviction to impeach Defendant Wood because his release from confinement on these charges did not occur more than ten years ago, and therefore, the convictions are not stale or inadmissible under Rule 609. [Doc. 59].

Evidence of a felony conviction is subject to a time limitation contained in Federal Rule of Evidence 609(b), which states:

> Evidence of a conviction . . . is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect.

Defendant Wood argues that more than ten years have elapsed since he was released from confinement on the bank robbery charge, and therefore, the conviction should be inadmissible. Application of the time limitation contained in Rule 609(b) is a two-step process. First, the Court must decide whether ten years have elapsed since the date of the conviction or the release from confinement for that conviction. If ten years have elapsed, the Court must then determine whether the interests of justice support admission notwithstanding the amount of time that has passed since the conviction.

7

Turning to the first consideration, court records indicate that Defendant Wood was sentenced to fifteen years confinement by the Honorable Thomas G. Hull, United States District Judge, on May 8, 1987, for the armed bank robbery. On July 27, 1995, he was released from prison on supervised release, which was set to expire on March 3, 2001. On or about October 6, 1995, Defendant Wood attempted a carjacking, and as a result, the Parole Commission issued a parole warrant. Defendant Wood subsequently pled guilty to carjacking and firearm charges, and on August 2, 1996, he was sentenced to 131 months imprisonment followed by three years of supervised release.

Considering these facts, there are two alternative grounds which support finding that ten years have not elapsed since Defendant Wood's release from confinement on the bank robbery charge. First, the Court of Appeals has held that convictions "are admissible under Rule 609(b) as long as less than ten years [have] passed since the witness was released from confinement or the period of his parole or probation . . . expired." United States v. Gaines, 105 Fed. Appx. 682, 695 (6th Cir. 2004), vacated on other grounds Gaines v. United States, 543 U.S. 1114 (2005). Defendant Wood's supervised release for his bank robbery conviction was not set to expire until 2001. This expiration date is well within the ten year limitation contained in Rule 609(b), and thus, the bank robbery conviction meets the criterion for admission under Rule 609(b).

Alternatively, the bank robbery conviction falls within the ten year limitation because Defendant Wood's reconfinement ended within ten years of the present charges. The case law of this district holds that a "reconfinement pursuant to [a] parole violation is confinement imposed for (the original) conviction, and the release date from the second confinement is the one used in computing time under Rule 609(b)." United States v. Brewer, 451 F. Supp. 50, 52-53 (D.C. Tenn. 1978) (internal quotations omitted). Defendant Wood was reconfined after committing the

8

carjacking during his supervised release for the bank robbery charges. Accordingly, the amount of time since his release from confinement is measured from the date of his release from this second confinement rather than the date of his release from his initial confinement. Defendant Wood was released from his reconfinement on August 6, 2005, which again is well within the ten year limitation. Thus, the bank robbery conviction also meets the criterion for admission under 609(b) on this ground.

Based on the foregoing, the Court finds that less than ten years have elapsed since Defendant Wood was released from confinement for the bank robbery conviction. In light of this finding, it is not necessary for the Court to consider the second aspect of Rule 609(b), whether the interests of justice weigh in favor of admission. Rule 609(b) states that if more than ten years have elapsed the conviction is not admissble, "unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect." While the Defendant seeks to engage in a weighing of probative value against prejudicial effect, this second step is only meant to provide a grounds for allowing admission notwithstanding the fact that ten years have passed since a defendant's release from confinement. It is not a tool for preventing admission of convictions. See United States v. Sims, 588 F.2d 1145, 1148 (6th 1978) (quoting S. Rep. No. 93-1277, 93rd Cong., 2d Sess., reprinted in 1974 U.S.C.C.A.N. 7051, 7061). However, Defendant Wood does present a similar argument that the probative value of the evidence of the bank robbery conviction is outweighed by its prejudicial effect under Rule 403, which the Court will address.

Defendant Wood argues that evidence of his prior conviction for bank robbery should be excluded because its probative value is outweighed by the danger of unfair prejudice. Federal Rule

9

of Evidence 403 instructs that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . ." Defendant Wood claims that if a jury learns of the prior bank robbery and conviction charges it will form an intense prejudice against him that no curative instruction will be able to remove. The Government responds that the evidence of Defendant Wood's prior conviction, like all evidence against a defendant, is somewhat prejudicial but the evidence is not unfairly prejudicial, and therefore, it should be admissible under Rule 403. [Doc. 59].

In support of his argument, Defendant Wood directs the Court to United States v. Stout, 509 F.3d 796 (6th Cir. 2007). In Stout, the defendant was charged with receipt and possession of sexually explicit visual depictions of minors. Id. at 797. The district court refused admission of certain prior bad act evidence—specifically, evidence that the defendant had pled guilty to surreptitiously videotaping a minor neighbor while she showered. Id. In order to determine the admissibility of the prior bad acts under Rule 404(b), the district court in Stout engaged in weighing the evidence's probative value against the potential for prejudice pursuant to Rule 403. Id. at 799-804. In explaining its decision to exclude the evidence, the district court stated:

> The prior bad acts evidence is potentially prejudicial because it is both inflammatory and distracting. It is more lurid and frankly more interesting than the evidence surrounding the actual charges. Any jury will be more alarmed and disgusted by the prior acts than the actual charged conduct. As a consequence, the jury is likely to pay undue attention to it.... [T]here is a strong possibility that the jury will be improperly distracted from the primary evidence at hand.

Id. at 801. The district court concluded that this unfair prejudice and potential for confusion outweighed the probative value of the prior crime and excluded the evidence of the crime. The Court of Appeals subsequently upheld the district court's decision. Id. at 804.

10

The Stout case is distinguishable from the case at bar. The conviction at issue in this case, a bank robbery, is not "more lurid" nor "more interesting" than the evidence of the current charges; the evidence will be similar and of the same degree of intrigue. Further, in Stout the government sought to introduce evidence that the defendant had secretly placed a camera in his neighbors' home to watch their fourteen year old daughter shower. Id. at 797. In the present case, the evidence of a prior bank robbery conviction carries neither the social stigma nor the potential for distraction that the evidence in Stout undoubtedly would have. While Defendant Wood's prior convictions will not weigh in his favor, should he choose to testify in his defense, Defendant Wood has failed to prove that the probative value of the evidence of the bank robbery conviction is substantially outweighed by the danger of unfair prejudice. Accordingly, the Court finds that admission of evidence of the prior conviction is proper under Rule 403.

Based on the foregoing, the Court finds that ten years have not elapsed since the Defendant's release from confinement on the bank robbery conviction and that the probative value of the bank robbery conviction is not outweighed by the danger of unfair prejudice. Therefore, evidence of the bank robbery conviction is admissible under both Rule 403 and Rule 609. Accordingly, Defendant Wood's Motion in Limine to Limit Cross-Examination [Doc. 52] is **DENIED**.

### G. Motion to File Additional Motions Late [Doc. 54]

In his Motion to File Additional Motions Late [Doc. 54], Defendant Wood requests that he be allowed to file late motions after review of the transcript of the preliminary hearing held on January 30, 2008, and Co-Defendant Dyer's mental evaluation. The Government responds [Doc. 59] that Defendant Wood should ask for leave to file motions if and when they are necessary but argues the Court should not give blanket permission to file late motions.

11

At the hearing, defense counsel did not bring to the Court's attention any additional motion that needed to be filed. The Court will give leave to file additional motions, pursuant to Federal Rule of Criminal Procedure 12(e), for good cause shown should such motions become necessary. However, at this time the Court knows of no such motions, and therefore, Defendant Wood's Motion to File Additional Motions Late **[Doc. 54]** is **DENIED**.

H.      **Motion Pursuant to Rule 12(b)(4)(B) [Doc. 56]**

In his Motion Pursuant to Rule 12(b)(4)(B), Defendant Wood moves the Court to enter an order directing the Government to provide notice of its intent to use evidence, so as to determine whether a suppression motion is necessary. In its response [Doc. 59], the Government states that it intends to use all of the evidence provided during discovery.

Because the Government has given Defendant Wood notice of the evidence it intends to use, the Court finds the Motion **[Doc. 56]** to be moot, and accordingly, it is **DENIED AS MOOT**.

I.      **Motion to Suppress Defendant Wood's Statement to Law Enforcement [Doc. 53] and Motion in Limine to Preclude Introduction of Defendant Wood's Admissions About Parole [Doc. 55]**

Finally, the Court has taken Defendant Wood's Motion to Suppress [Doc. 53] under advisement. The Court's report and recommendation to the District Court will follow. Because Defendant Wood's Motion in Limine [Doc. 55] is closely related to the Motion to Suppress, the Court reserves ruling on such motion until the report and recommendation is completed.

Accordingly, it is **ORDERED**:

  1. Motion to Produce and Preserve Rough Notes [Doc. 44] is **DENIED AS MOOT**;

12

2. Motion in Limine to Preclude Introduction [Doc. 45] is **DENIED AS MOOT**;

3. Motion for Disclosure of Bad Acts Evidence [Doc. 46] is **DENIED AS MOOT**;

4. Motion for Bill of Particulars [Doc. 47] is **DENIED**;

5. Motion to Provide a List of Witnesses [Doc. 48] is **DENIED**;

6. Motion to Sever and/or Exclude Co-Defendant's Statements to Law Enforcement [Doc. 49] is **GRANTED IN PART**, in so far as Defendant Wood and Defendant Dyer will be tried separately;

7. Motion in Limine to Require the Government to Establish the Proper Foundation Prior to Admitting Any Co-Conspirator's Statements [Doc. 50] is **DENIED**;

8. Motion in Limine to Limit Cross-Examination of Defendant Wood [Doc. 52] is **DENIED**;

9. Motion to Suppress Defendant Wood's Statements to Law Enforcement [Doc. 53] will be addressed by a report and recommendation to follow this order;

10. Motion to File Additional Motions Late [Doc. 54] is **DENIED**;

11. Motion in Limine to Preclude Introduction of Defendant Wood's Admissions About Parole [Doc. 55] is taken under advisement until the Court issues its report and recommendation regarding the Motion to Suppress [Doc. 53]; and

13

12. Motion Pursuant to Rule 12(b)(4)(B) [Doc. 56] is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

ENTER:

  s/ H. Bruce Guyton
United States Magistrate Judge

14